IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ZAMEER RIAZ AZAM, | ) | No. C 10-3900 JSW (PR) |
| Petitioner, | ) ) | **ORDER TO SHOW CAUSE** |
| vs. | ) ) | |
| M.S. EVANS, | ) ) | |
| Respondent. | ) ) ) | |

## INTRODUCTION

Petitioner, a prisoner of the State of California proceeding pro se, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his state court conviction. Petitioner has paid the filing fee. This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

Following his conviction in Alameda County Superior Court in 2005, Petitioner was sentenced to a term of twelve years in state prison. In 2007, the California Court of Appeal affirmed the judgment and the California Supreme Court denied review. Thereafter, Petitioner filed a number of unsuccessful petitions in all three levels of the California courts. Petitioner filed the instant federal habeas petition on August 31, 2010.

**DISCUSSION**

I    Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II    Legal Claims

Petitioner claims: (1) that trial counsel provided ineffective assistance; (2) there was insufficient evidence to sustain his conviction for kidnaping, in violation of Petitioner's right to due process; (3) the denial of his request to represent himself violated his Sixth and Fourteenth Amendment rights; (4) his right to an open and public trial was violated; (5) denial of his request for a trial on his sanity violated his constitutional right to present a defense; (6) additional security measures at trial violated his constitutional rights; (7) his sentence violates his Sixth Amendment right to a jury; and (8) the cumulative prejudice arising from the foregoing errors violated his right to due process.

Liberally construed, these claims are sufficient to warrant a response from Respondent.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **ninety (90)**

2

days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of the date the answer is filed.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: January 7, 2011

_____
JEFFREY S. WHITE
United States District Judge

3

|   |   |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | FOR THE |
| | NORTHERN DISTRICT OF CALIFORNIA |

ZAMEER RIAZ AZAM,

        Plaintiff,

  v.

RICK HILL et al,

        Defendant.
                                     /

Case Number: CV10-03900 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 7, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Zameer R. Azam V-59327
Folsom State Prison
P.O. Box 950
Folsom, CA 95673

Dated: January 7, 2011

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk