IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAMEER RIAZ AZAM,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>M. S. EVANS, Warden,<br><br>　　　　Respondent. | No. C 10-03900 EJD (PR)<br><br>ORDER ON REMAND; REOPENING ACTION; TO SHOW CAUSE |

　　　　Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction.  The Court granted Respondent's motion to dismiss the petition entirely as untimely and to dismiss some of the claims as procedurally defaulted.  (Docket No. 18.)  Petitioner appealed, and on July 16, 2014, the Ninth Circuit issued a memorandum decision reversing and remanding the matter, having found that Petitioner was entitled to equitable tolling under a recently decided case.  See Butler v. Long, No. 10-55202, slip op. at 10 (9th Cir. June 24, 2014) (per curiam) (dismissal of first mixed petition due to pendency of state habeas action improperly failed to grant leave to amend and therefore warranted equitable tolling from the date of the dismissal of the first petition until the date the second petition was filed).  The mandate issued on August 12, 2014.  (Docket No. 25.)

1    In light of the foregoing, the case shall be reopened and Respondent shall show
2 cause why the petition should not be granted based on the remaining claims: 1) there was
3 insufficient evidence to sustain Petitioner's conviction for kidnaping, in violation of his
4 right to due process; 2) the denial of Petitioner's right to request to represent himself
5 violated his Sixth and Fourteenth Amendment rights; 3) denial of Petitioner's request for
6 a trial on his sanity violated his constitutional right to present a defense; 4) Petitioner's
7 sentence violates his Sixth Amendment right to a jury; and 5) cumulative prejudice
8 arising from the foregoing errors violated Petitioner's right to due process.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.   The Clerk shall reopen this action.

2.   Respondent shall file with the court and serve on Petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

3.   Petitioner is reminded that all communications with the court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must also keep the Court and all parties informed of any change of address.

DATED:  8/20/2014

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ZAMEER RIAZ AZAM,

        Petitioner,

  v.

M. S. EVANS, Warden,

        Respondent.

Case Number: CV10-03900 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 8/21/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Zameer R. Azam V-59327
Folsom State Prison
P.O. Box 950
Folsom, CA 95673

Dated: 8/21/2014

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk